IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,558-01






EX PARTE JIMMY DELL SEAT, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 20356 IN THE SIXTH DISTRICT COURT


FROM LAMAR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated assault
and was placed on deferred adjudication probation for ten years. He was later adjudicated guilty and
sentenced to twenty years' imprisonment. He did not appeal his conviction. 

 Applicant contends that counsel at the adjudication of guilt proceeding was ineffective for
failing to object to the introduction of photographs of marihuana plants. In addition, applicant
contends that the evidence was insufficient that he violated the conditions of his probation.
Specifically, he alleges that there was insufficient evidence that he intentionally and knowingly
possessed marihuana; that he intentionally and knowingly possessed drug paraphernalia; and that he
allowed marihuana to be grown on property he possessed, lived at, or owned. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.

 The trial court shall make findings of fact and conclusions of law as to whether counsel's
performance was deficient and, if so, whether applicant was prejudiced. In addition, the trial court
shall make findings of fact and conclusions of law as to what evidence was introduced at the
adjudication of guilt proceeding, and whether such evidence established by a preponderance of the
evidence that applicant violated the conditions of his probation. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 20, 2006

Do not publish